# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

CARLOS A. SOSA BIDOPIA,

    Plaintiff,

v.

CREDIT CONTROL SERVICES, INC.
d/b/a CREDIT COLLECTION
SERVICES and FRONTIER
COMMUNICATIONS OF AMERICA,
INC.,

    Defendant.
_____/

Case No. 8:25-cv-02313

DEMAND FOR A JURY TRIAL

## COMPLAINT

Plaintiff CARLOS A. SOSA BIDOPIA ("Plaintiff"), by and through the undersigned, complains as to the conduct of CREDIT CONTROL SERVICES, INC. d/b/a CREDIT COLLECTION SERVICES, ("CCS") and FRONTIER COMMUNICATIONS OF AMERICA, INC. ("Frontier") (collectively "Defendants"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages under the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. § 1692 *et seq.*, as well as the Florida

1

Consumer Collection Practices Act ("FCCPA") pursuant to Florida Statute § 559.55 for Defendant's unlawful conduct.

## JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. § 1692 and 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for Plaintiff's state law claim pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendants conduct business, and a substantial portion of the events or omissions giving rise to the claims occurred within the Middle District of Florida.

## PARTIES

4. Plaintiff is a natural person over 18-years-of-age residing in Bradenton, Florida, located in the Middle District of Florida.

5. CCS is a third-party debt collector that is in the business of collecting or attempting to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, to others, from consumers across the country, including those in the state of Florida. CCS is a corporation organized under the laws of Delaware that maintains its principal place of business at 725 Canton Street, Norwood, Massachusetts 02062.

6. Frontier is a provider of consumer internet and telecommunication services to customers across the country, including those within the State of Florida. Frontier is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 2 Washington Street, Norwalk, Connecticut, 06854.

7. Defendants acted through their respective agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSE OF ACTION

8. The instant action arises out of Defendant's attempts to collect upon a purported consumer telecommunications debt ("subject consumer debt") said to be owed to Frontier by Plaintiff.

9. On or about December 30, 2024, Plaintiff called Frontier and spoke with one of its agents, "Whitney," and attempted to cancel his account with Frontier.

10. Plaintiff was told that in order to cancel the account, he would have to pay Frontier a $50 penalty, which Plaintiff had never agreed to in any prior contract.

11. Prior to January 3, 2025, Frontier generated a new bill for that month's service, despite Plaintiff indicating he wanted the service cancelled.

12. Plaintiff filed a complaint with the Federal Communications Commission ("FCC") on or about January 3, 2025, indicating his dispute of both the January 2025 bill and the $50 cancellation charge.

13. On or about January 21, 2025, Frontier respondent to Plaintiff's FCC Complaint, noting that Frontier disconnected the service on January 20, 2025, that Plaintiff's account balance had a credit of $50, and once the restocking fee was billed, Plaintiff's account would have a $0 balance and be considered settled.

14. A member of Frontier's Executive Customer Relations Office further left Plaintiff a voicemail confirming this information.

15. Despite Frontier's claims that Plaintiff's account was settled with a $0 balance, it subsequently charged off a further $107 obligation it contended Plaintiff owed.

16. Upon information and belief, after the subject consumer debt was purportedly in default, it was placed with CCS for collection purposes.

17. CCS sent Plaintiff a letter on or about May 26, 2025, informing him that he purportedly owed Frontier an additional $107.

18. That same day, Plaintiff began receiving texts to his cellular phone number (941) XXX-9134, from CCS, seeking collection of the subject consumer debt.

19. At all times relevant to the instant action, Plaintiff has been the sole subscriber and operator of the cellular phone associated with the number ending in -

9134. Plaintiff is, and always has been, responsible for the phone and its associated services.

20. CCS has primarily used the phone number 30601 when placing collection texts to Plaintiff's cellular phone, but upon belief, CCS has used other phone numbers as well.

21. Upon information and belief, CCS regularly utilizes the above-referenced phone number during its debt collection activity.

22. The texts Plaintiff received from CCS read, among other things, "CREDIT COLLECTION SERVICES is a debt collector. We are trying to collect a debt that you owe to FRONTIER COMMUNICATIONS CORPORATION. We will use any information you give us to help collect the debt."

23. Plaintiff submitted a complaint to CCS through the Consumer Financial Protection Bureau ("CFPB") on or about June 21, 2025, indicating that he disputed the validity of the debt, that he required documentation regarding the debt, and further demanded that CCS not contact him via telephone.

24. CCS ignored the complaint and demand, and continued texting Plaintiff seeking payment until at least August 4, 2025.

25. Despite Plaintiff's clear directions, CCS proceeded to continue texting Plaintiff regarding the subject consumer debt.

26. Both CCS and Frontier knew or had reason to know that Plaintiff did not in fact owe any balance to either Defendant.

27. Defendants' collection efforts were designed to harass Plaintiff and squeeze sums of money from a consumer who had otherwise made clear that he did not want Defendants contacting him, and who did not owe Defendants money.

28. Frustrated, distressed, and concerned over Defendants' conduct, Plaintiff spoke with the undersigned regarding his rights, exhausting time, resources, and expenses.

29. Plaintiff has been unfairly and unnecessarily harmed by Defendants' actions.

30. Plaintiff has suffered concrete harm as a result of Defendants' actions, including but not limited to, invasion of privacy, aggravation that accompanies unwanted collection telephone calls on a debt not owed, emotional distress, and numerous violations of his state and federally-protected interests to be free from harassing and abusive debt collection conduct.

### COUNT I – VIOLATIONS OF THE FDCPA, 15 U.S.C. § 1692D
PLAINTIFF AGAINST CCS

31. Plaintiff restates and realleges paragraphs 1 through 30 as though fully set forth herein.

32. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

33. CCS is a "debt collector" as defined by § 1692a(6) of the FDCPA as its regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

34. CCS identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due, or asserted to be owed or due, to others.

35. The subject consumer debt is a "debt" as defined by FDCPA § 1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

36. 15 U.S.C. § 1692d broadly prohibits debt collectors from engaging in "any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." Without limiting the generally applicable nature of the foregoing, 15 U.S.C. § 1692d(5) further prohibits debt collectors from "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

37. The newly amended Regulation F provides further guidance on what circumstances constitute harassing and oppressive debt collection conduct. 12 C.F.R. § 1006.14(b)(2) provides guidance on when calls are made repeatedly and continuously, and debt collectors are presumed to comply with these provisions if

they follow certain guidelines. However, the commentary thereto confirms that this presumptive compliance can be rebutted by several factors, including "[t]he content of a person's prior communications with the debt collector." Examples of prior communications with consumers that can evince an intent to harass through phone calls include calls following a demand that such calls cease, and similarly following a consumer informing a debt collector that they refuse to pay the debt.

38. Additionally, pursuant to 12 C.F.R. § 1006.14(h), a debt collector cannot "communicate or attempt to communicate with a person through a medium of communication if the person has requested that the debt collector not use that medium to communicate with the person."

39. CCS violated § 1692d and § 1692d(5) through its harassing and noncompliant collection campaign directed towards Plaintiff. Plaintiff notified CCS in writing that its texts were not welcome and needed to cease. Plaintiff further notified CCS that he did not owe Frontier a debt. CCS knew that its continued placement of text messages would be unwelcome, inconvenient, harassing, and distracting to Plaintiff, yet nevertheless repeatedly attempted to contact Plaintiff regarding the subject consumer debt, illustrating its intent to harass Plaintiff through its text messages. Further, upon becoming aware of Plaintiff's desire to receive no further collection text messages regarding the subject consumer debt, CCS was obligated to cease utilizing such medium of communication in its efforts to collect

the subject consumer debt – however, such calls persisted notwithstanding CCS's obligation to cease. CCS engaged in this harassing and noncompliant conduct in an effort to harass and annoy Plaintiff into addressing the subject consumer debt.

WHEREFORE, Plaintiff, CARLOS A. SOSA BIDOPIA, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

f. Awarding Plaintiff any other relief as this Honorable Court deems equitable and just.

### COUNT II – VIOLATIONS OF THE FDCPA, 15 U.S.C. § 1692E
PLAINTIFF AGAINST CCS

40. Plaintiff restates and realleges paragraphs 1 through 30 as though fully set forth herein.

41. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

42. CCS is a "debt collector" as defined by § 1692a(6) of the FDCPA as its regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

43. CCS identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due, or asserted to be owed or due, to others.

44. The subject consumer debt is a "debt" as defined by FDCPA § 1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

45. The FDCPA, pursuant to 15 U.S.C. § 1692e, prohibits a debt collector from using "false, deceptive, or misleading representation or means in connection with the collection of any debt."

46. CCS violated § 1692e when it misrepresented that Plaintiff owed a valid legal debt to Frontier when this was not the case. By virtue of its letter and text messages to Plaintiff, CCS represented that Plaintiff still owed a balance to Frontier, despite Frontier's earlier correspondence confirming that Plaintiff's account was settled. CCS engaged in this conduct to confuse Plaintiff and mislead him into submitting payment on a debt he did not owe, in furtherance of its own bottom line.

WHEREFORE, Plaintiff, CARLOS A. SOSA BIDOPIA, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

f. Awarding Plaintiff any other relief as this Honorable Court deems equitable and just.

### COUNT III – VIOLATIONS OF THE FDCPA, 15 U.S.C. § 1692F
#### PLAINTIFF AGAINST CCS

47. Plaintiff restates and realleges paragraphs 1 through 30 as though fully set forth herein.

48. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

49. CCS is a "debt collector" as defined by § 1692a(6) of the FDCPA as its regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

50. CCS identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due, or asserted to be owed or due, to others.

51. The subject consumer debt is a "debt" as defined by FDCPA § 1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

52. The FDCPA, pursuant to 15 U.S.C. § 1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

53. CCS violated § 1692f when it unfairly and unconscionably attempted to collect on a debt by continuing to text Plaintiff's cellular phone despite the nature of the correspondence between the parties providing that CCS must refrain from doing so.

54. CCS further violated § 1692f when it unfairly and unconscionably continued to attempt to collect on a debt that Plaintiff did not owe.

WHEREFORE, Plaintiff, CARLOS A. SOSA BIDOPIA, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

f. Awarding Plaintiff any other relief as this Honorable Court deems equitable and just.

**COUNT IV – VIOLATIONS OF THE FLORIDA
<u>CONSUMER COLLECTION PRACTICES ACT</u>**
PLAINTIFF AGAINST CCS

55. Plaintiff restates and realleges paragraphs 1 through 30 as though fully set forth herein.

56. Plaintiff is a "consumer" as defined by Fla. Stat. § 559.55(8).

57. CCS is a "debt collector" as defined by Fla. Stat. § 559.55(7).

58. The subject debt is a "consumer debt" as defined under Florida Statute § 559.55(6).

    a. **Violations of FCCPA § 559.72**

59. Pursuant to Fla. Stat. § 559.72(7), a debt collector may not "[w]illfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family."

60. CCS violated § 559.72(7) through its harassing and abusive text message campaign directed towards Plaintiff's cellular phone. Plaintiff had made clear that he did not want to be contacted via phone, and similarly demanded that CCS cease contacting him; however, CCS consciously ignored that directive in an effort to

compel Plaintiff's payment on the subject consumer debt. The nature and pattern of CCS's text messages, along with the nature of Plaintiff's prior correspondence with Defendants, illustrate that CCS persisted in repeatedly contacting Plaintiff with the willful intent of harassing Plaintiff through its continued collection efforts, despite Plaintiff not owing Defendants money.

WHEREFORE, Plaintiff, CARLOS A. SOSA BIDOPIA, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Entering judgment in Plaintiff's favor and against Defendant;

b. Awarding Plaintiff actual damages in an amount to be determined at trial pursuant to the Fla. Stat. § 559.77(2);

c. Awarding Plaintiff statutory damages of $1,000.00 pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. § 559.77(2);

d. Awarding Plaintiff equitable relief, including enjoining Defendant from further violations, pursuant to Fla. Stat. § 559.77(2);

e. Awarding Plaintiff costs and reasonable attorneys' fees pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77(2);

f. Awarding Plaintiff any other relief that this Honorable Court deems equitable and just.

### COUNT V – VIOLATIONS OF THE FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT
PLAINTIFF AGAINST FRONTIER

61. Plaintiff restates and realleges paragraphs 1 through 30 as though fully set forth herein.

62. The transactions giving rise to these claims constitute "trade or commerce" defined by Fla. Stat. § 501.203(8).

63. Pursuant to the FDUTPA § 501.204(1), "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful."

64. The provisions of the FDUTPA "shall be construed liberally to . . . protect the consuming public and legitimate business enterprises from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce." Fla. Stat. § 501.202(2).

65. Violations of the FDUTPA further consider the rules promulgated in connection with the Federal Trade Commission Act, the standards of unfairness and deception set forth and interpreted by the Federal Trade Commission or the federal courts, as well as any law, statute, rule, regulation, or ordinance which proscribes unfair methods of competition, or unfair, deceptive, or unconscionable acts or practices. See Fla. Stat. § 501.203.

66. Frontier violated § 501.204(1) through the unfair and deceptive nature of the conduct directed towards Plaintiff. Frontier initially failed to cancel Plaintiff's services as demanded and billed him for an additional month. When Plaintiff filed a complaint with the FCC, Frontier affirmed to Plaintiff in writing and verbally that he no longer owed a balance to Frontier. However, notwithstanding its earlier

representations, and knowledge thereof, Frontier unfairly and deceptively placed an additional balance with a debt collector, namely CCS, in efforts to extract further funds from Plaintiff.

WHEREFORE, Plaintiff, CARLOS A. SOSA BIDOPIA, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Enter judgment in Plaintiff's favor and against Defendant;

b. Award Plaintiff his actual damages in an amount to be determined at trial pursuant to the Fla. Stat. § 501.211(2);

c. Enter a declaratory judgment finding that the above referenced conduct is in violation of the above referenced statutes and regulations, pursuant to Fla. Stat. § 501.211(1);

d. Award Plaintiff equitable relief, including enjoining Respondent from further violations, pursuant to Fla. Stat. §501.211(1);

e. Award Plaintiff costs and reasonable attorneys' fees pursuant to Fla. Stat. §501.2105;

f. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject consumer debt; and,

g. Award any other relief this Honorable Court deems equitable and just.

**Plaintiff demands trial by jury.** Dated: August 29, 2025

Respectfully Submitted,

*/s/Alexander J. Taylor*
Alexander J. Taylor, Esq.
Counsel for Plaintiff
Sulaiman Law Group, LTD

16

2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Telephone:(630) 575-8181 Ext. 180
Fax: (630) 575-8188
ataylor@sulaimanlaw.com